

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALLEN DEWAYNE BATES, PRO SE, § | |
| County No. 24958, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:09-CV-059 |
| § | |
| RANDY DUVAL, MARY WILLIS, § | |
| and THE CITY OF AMARILLO, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff ALLEN DEWAYNE BATES, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant(s) and has submitted a declaration in support of application to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes"provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff BATES has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause no. 5:07-CV-128 was dismissed by the United

States District Court for the Northern District of Texas, Lubbock Division, on August 13, 2007, as frivolous, and plaintiff's subsequent appeal was dismissed by the Fifth Circuit Court of Appeals on May 13, 2008 and entered as a mandate by the Lubbock Division on May 19, 2008; Cause no. 5:07-CV-263 was dismissed as malicious by the United States District Court for the Northern District of Texas, Lubbock Division, on March 13, 2008, and no appeal was taken; and Cause no. 2:08-CV-240 was dismissed by the United States District Court for the Northern District of Texas, Amarillo Division, as frivolous on January 21, 2009, and no appeal was taken.

Pursuant to Title 28, United States Code, 1915(g), the Magistrate Judge FINDS plaintiff ALLEN DEWAYNE BATESmay not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g). Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception.

Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

Permission to proceed in forma pauperis is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

Plaintiff is advised that if he pays the $350.00 filing fee within fourteen (14) days after the filing date hereof, this Report and Recommendation of dismissal will be withdrawn.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of March 2009.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).